**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

v.

MARCELLO BRIAN PARKS, a/k/a Mark,
            *Defendant-Appellant.*

⎫
⎪
⎬    No. 01-4346
⎪
⎭

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
J. Frederick Motz, District Judge.
(CR-00-427)

Submitted: January 22, 2002

Decided: February 7, 2002

Before MICHAEL and KING, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

## COUNSEL

Thanos Kanellakos, THANOS KANELLAKOS, P.C., Baltimore, Maryland, for Appellant. Thomas M. DiBiagio, United States Attorney, Bonnie S. Greenberg, Assistant United States Attorney, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## **OPINION**

PER CURIAM:

Marcello Brian Parks pled guilty to one count of bank robbery pursuant to a plea agreement with the Government. Parks' attorney has filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal. Parks has filed a pro se supplemental brief raising several issues.

Parks first claims that counsel was ineffective for failing to object to the fact stipulation in the plea agreement, failing to file discovery and other motions, and failing to respond to phone messages. Further, Parks complains that counsel met with him only once or twice during the proceedings and gave him bad advice. We decline to address these claims on direct appeal because the record does not conclusively demonstrate ineffective assistance of counsel. *United States v. Gastiaburo*, 16 F.3d 582, 590 (4th Cir. 1994).

Parks next contends that his guilty plea was involuntary because he pled guilty on counsel's advice with the understanding that counsel would voice Parks' objection to the stipulation of facts in the plea agreement. We have carefully reviewed the record and conclude that Parks' plea was fully voluntary and that he knowingly and intelligently waived his right to appeal his sentence. *See* Fed. R. Crim. P. 11; *United States v. Broughton-Jones*, 71 F.3d 1143, 1146 (4th Cir. 1995); *United States v. Marin*, 961 F.2d 493, 496 (4th Cir. 1992); *United States v. Lambey*, 974 F.2d 1389, 1395 (4th Cir. 1992).

Finally, Parks alleges that the Assistant United States Attorney and the district judge told him that he would be housed in a federal facility. We find that this claim is barred by virtue of Parks' appeal waiver. We have examined the entire record in this case in accordance with the requirements of *Anders* and find no meritorious issues for appeal. Accordingly, we affirm Parks' conviction and sentence.

This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. At this juncture, we deny counsel's pending motion to withdraw. Finally, we dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*